# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-21-272-S** |
| | § | |
| **LEIDY ARELI HERNANDEZ LOPEZ** | § | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Belinda Beek, Assistant United States Attorney, and the Defendant, and the Defendant's counsel, Philip Gallagher, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      Defendant agrees to plead guilty to Count One of the Superseding Criminal Information. Count One charges Defendant with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 371. Defendant and the United States agree that the gain that resulted from the offense, as an alternative measure of loss from Defendant's criminal conduct in this scheme, was at least $250,000 but less than $550,000 Dollars. Defendant, by entering this plea, agrees

1

that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Superseding Criminal Information or proved to a jury or judge beyond a reasonable doubt.

### Punishment Range

2.     The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 371 is imprisonment of not more than five (5) years and a fine of not more than $250,000.    Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years.   *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2).   Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United States Code, Section 3559(a)(4) and 3583(e)(3).   Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

**Mandatory Special Assessment**

3.     Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.   Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

**Cooperation**

5.     The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.   Defendant understands and agrees that whether such a motion is filed will be determined solely

by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to substantial assistance, the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Defendant further agrees to persist in that plea of guilty through sentencing and fully cooperate with the United States. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to conspiracy, wire fraud, mail fraud, theft, or engaging in monetary transactions in property derived from specified unlawful activity. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)    Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by Defendant to the Grand Jury or at any Court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)    Defendant agrees to provide to the United States all documents in her possession or under her control relating to all areas of inquiry and investigation; and

(f)    Should the recommended departure, <u>if any</u>, not meet Defendant's expectations, Defendant understands she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw her plea.

## Waiver of Appeal and Collateral Review

7.   Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a Defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United

States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.   Defendant understands and agrees that each and all waivers contained in the agreement are made in exchange for the concessions made by the United States in this plea agreement.

### United States' Agreements

10.   The United States agrees to each of the following:

(a)   Should Defendant accept responsibility as contemplated by the Sentencing Guidelines, the United States agrees not to oppose Defendant's anticipated request to the Court that she receive a two (2) level downward adjustment pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines. **If, however, Defendant engages in conduct or otherwise acts in a manner inconsistent with acceptance of responsibility, <u>or</u> if the Pre-Sentence Investigation Report does not make a finding of acceptance of responsibility and does not make a recommendation for a downward adjustment for acceptance of responsibility, the United States is not obligated to recommend or to refrain from opposing a downward adjustment for acceptance of responsibility.**

(b)   If Defendant qualifies for an adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines with the offense level determined prior to the operation of 3E1.1(a) being level 16 or greater, and the Defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently, and by providing complete information regarding her role in the offense, the United States agrees to request an additional one-level downward adjustment.

(c)   The United States agrees to dismiss the Indictment and Superseding Indictment after Defendant has been sentenced.

## Agreement Binding - Southern District of Texas Only

11.     The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct that is the basis of the charges in the Indictment, Superseding Indictment, or Superseding Criminal Information.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney or any other unit of the Department of Justice.   The United States will bring this plea agreement and the full extent of Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

12.     The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines.   Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with the Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(a)     to appeal the sentence imposed or the manner in which it was

determined.

## Sentence Determination

13.     Defendant is aware that her sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553.   Defendant nonetheless acknowledges and agrees that the Court has the authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14.     Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement.   Defendant

understands that the rights of a Defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agreed.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

(d) The defendant has a right to have the United States Attorney present the charges in the Criminal Information to a Grand Jury consisting of not less than sixteen (16) nor more than twenty-three (23) impartial citizens, who would hear the facts of the case as presented by the United States Attorney and witnesses, and then return an indictment against the defendant only if twelve (12) or more members of the Grand Jury found that there was probable cause to believe the Defendant committed the crime charged in the Superseding Criminal Information.

**Factual Basis for Guilty Plea**

15. Defendant is pleading guilty because she is guilty of the charges contained in Count One of the Superseding Criminal Information. If this case were to proceed to trial, the United States could prove each element of the offense

beyond a reasonable doubt. Defendant understands and agrees that the following facts, **among others**, would be offered to establish Defendant's guilt:

(1) From at least in or about April 2018 through in or about January 2021, in the Houston Division of the Southern District of Texas and elsewhere, the defendant, **LEIDY ARELI HERNANDEZ LOPEZ** did knowingly combine, conspire, confederate, and agree with others known and unknown, to commit wire fraud in violation of Title 18, United States Code, Section 1343.

(2) In Texas, used car dealers, whether they are individuals or business entities, must have an independent General Distinguishing Number (GDN) license to buy, sell, or exchange used vehicles. The Texas Department of Motor Vehicle's (TxDMV'S) online eLicensing platform for GDN applications is maintained on computer servers that are located outside the state of Texas.

(3) **LOPEZ** and her co-conspirators provided false information to TxDMV'S online eLicensing application portal in order to obtain GDN licenses for fictitious car dealerships in order to generate Texas buyer tags, commonly called "paper plates" or "temporary tags," through the TxDMV'S eTag system. Among other things, dealers are required to file a Motor Vehicle Inventory Tax Statement (VIT) for their car sales at both the county tax office and appraisal district where the dealership is located. If no sales are made, the dealer must still file the form

reporting zero sales.

(4) Unknown co-conspirators of **LOPEZ'** obtained a fraudulent GDN license through the DMV online eLicensing application portal for a fictitious used car dealership called L.C.S. Auto Sales.   During the time L.C.S. Auto Sales held a GDN license from approximately February 2020 until it was shut down by the TxDMV in July 2020, more than 18,000 Texas buyer tags were issued from TxDMV'S eTag system.   No VIT records were filed for L.C.S. Auto Sales.

(5) **LOPEZ** and her co-conspirators used email to communicate with each other and to deliver fraudulently obtained Texas buyer tags.

(6) **LOPEZ** and her co-conspirators received and shared fraud proceeds from the fraudulent sale of Texas buyer tags via electronic payment services like Cash App and Zelle, and sometimes by cash.

(7) On or about April 23, 2020, **LOPEZ** sent, or caused to be sent, an email to co-conspirator AB attaching a PDF of a Texas buyer's tag along with the buyer and dealer receipts for a vehicle with a VIN ending in "5406."   The seller was listed as L.C.S. Auto Sales and issued to a buyer whose initials are "JK" with a zip code in Queens, NY.

(8) On or about April 23, 2020, co-conspirator AB forwarded **LOPEZ'** email containing the PDF of a Texas buyer's tag along with the buyer and dealer

receipts for a vehicle with a VIN ending in "5406" to OO in New York.

(9) On or about April 23, 2020, OO received an email from Cash App advising that he had received a $175 payment from "JK" for "temporary plates for bmw 2010 528i for JXXXX." TxDMV records show that this buyer tag was issued via L.C.S. Auto Sales from the TxDMV eTag system.

(10) On or about May 2, 2020, **LOPEZ** sent, or caused to be sent, an email to co-conspirator AB attaching a PDF of a Texas buyer's tag along with the buyer and dealer receipts for a vehicle with a VIN ending in 6425. The seller was listed as L.C.S. Auto Sales issued to a buyer whose initials are "JG" with an address in Florida.

(11) On or about May 2, 2020, co-conspirator AB forwarded **LOPEZ**' email containing the PDF of a Texas buyer's tag along with the buyer and dealer receipts for a vehicle with a VIN ending in "6425" to OO in New York.

(12) On or about May 2, 2020, OO received an email from Cash App advising that he had received a $175 payment from "JG" for "temp tag." TxDMV records show that this buyer tag was issued via L.C.S. Auto Sales from the TxDMV eTag system.

(13) On or about May 12, 2020, **LOPEZ** sent, or caused to be sent, an email to co-conspirator AB attaching a PDF of a Texas buyer's tag along with the buyer

and dealer receipts for a vehicle with a VIN ending in "1171"   The seller was listed as L.C.S. Auto Sales issued to a buyer whose initials are "TB" with an address in New York.

(14) On or about May 12, 2020, co-conspirator AB forwarded **LOPEZ**' email containing the PDF of a Texas buyer's tag along with the buyer and dealer receipts for a vehicle with a VIN ending in "1171" to OO in New York.   TxDMV records confirm that this buyer tag was issued via L.C.S. Auto Sales from the TxDMV eTag system.

(15) On or about May 12, 2020, OO received an email from Cash App advising that he had received a $175 payment from "TB" for "Registration and Tags."

(16) On or about June 9, 2020, **LOPEZ** sent, or caused to be sent, an email to co-conspirator AB attaching a PDF of a Texas buyer's tag along with the buyer and dealer receipts for a vehicle with a VIN ending in "7134"   The seller was listed as L.C.S. Auto Sales issued to a buyer whose initials are "JA" with an address in Washington, D.C.   TxDMV records confirm that this buyer tag was issued via L.C.S. Auto Sales from the TxDMV eTag system.

(17) On or about June 9, 2020, co-conspirator AB forwarded or caused to be forwarded **LOPEZ**' email containing the PDF of a Texas buyer's tag along with

the buyer and dealer receipts for a vehicle with a VIN ending in "7134" to OO in New York.

(18) On or about June 9, 2020, OO received an email from Cash App advising that he had received a $150 payment from "JA" for "tag." L.C.S. Auto Sales never reported a car sale on a VIT.

In violation of Title 18, United States Code, Section 371.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution and Fines--Generally

17. This plea agreement is being entered into by the United States on the

basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement (USAO-SDTX Financial Statement, Form OBD-500 or similar form) and providing it to the United States **prior to the entry of this Plea Agreement**. Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure. Defendant understands and agrees that any false information in any form that Defendant provides to the United States could result in additional prosecution of Defendant.

19. Defendant agrees to take all steps necessary to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding

the transfer of title, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that restitution and fines are separate aspects of sentencing and are separate obligations.

## Restitution

21. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) and that it is the Court that determines the amount of restitution defendant owes. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

22. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable

immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

23.     This written plea agreement, consisting of 21 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

24.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____Houston_____, Texas, on _____May 10_____,
2023.

_____
Defendant

Subscribed and sworn to before me on _____May 10_____,
2023.

NATHAN OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: /s/ *Belinda Beek*              _____
Belinda Beek                        Philip Gallagher
Assistant United States Attorney    Attorney for Leidy Areli Hernandez Lopez

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. H-21-272-S |
| | § | |
| | § | |
| | § | |
| LEIDY ARELI HERNANDEZ LOPEZ | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant her rights with respect to the pending Superseding Criminal Information. I have reviewed the provisions of the United States Sentencing Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          5/10/23
Philip Gallagher                                         Date
Attorney for Defendant

20

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Criminal Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Guidelines Manual and Policy Statements which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

_____
LEIDY ARELI HERNANDEZ LOPEZ
Defendant

5/10/23
_____
Date