IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. H-21-272-S |
| EMMANUEL PADILLA REYES A/K/A CHRISTIAN HERNANDEZ BONILLA A/K/A NOEL RIVERA | § § § § | |

<u>UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD DEPARTURE</u>

I.

COMES NOW the United States of America and files its Response to the Defendant's Sentencing Memorandum and Request for Downward Departure.

II.

Defendant has already received the benefit of a downward departure by virtue of his plea agreement where he was allowed to plead to a conspiracy in violation of 18 U.S.C. 371 (5 year maximum) rather than 18 U.S.C. 1349 (20 year maximum). Because the defendant's calculated guideline score has a sentencing range of 70 to 87 months, defendant is getting a significant benefit because of the 5-year (60 month) cap. Further, as noted in PSR paragraphs 39 and 40,

the defendant used the identities of two real victims to acquire used car dealer licenses and thus committed at least two counts of aggravated identity theft.  Had defendant gone to trial, a conviction for aggravated identity theft requires a mandatory sentence of two years to run consecutively (not concurrently) to the underlying count of conviction.  Although the Court has discretion to "stack" or run two aggravated identity theft convictions consecutively or concurrently, the defendant would be serving at least an additional two years and possibly four if the Court decided to run the two aggravated identity theft counts consecutively.  *See 18 U.S. Code § 1028A*.

### III.

The suggestion that a 36-month sentence is appropriate is simply wrong.  As detailed in the PSR, this defendant engaged in a wide-ranging fraud over a period of years that caused a public safety hazard by creating untraceable "ghost cars" on the road that ran the gamut from not paying toll fees to being used in drive by shootings, alien and drug smuggling, robberies, and murders.  There are incalculable losses to the state for cars that were never registered and for toll fees that were never paid on cars using the temporary tags as a free toll pass.

This defendant is not the same as his co-conspirators. None of defendant's co-conspirators generated the kind of temporary paper tag numbers that this defendant did, and none also committed aggravated identity theft to obtain used car dealer licenses. Co-conspirator Leidy Hernandez was held responsible for 3,500 tags (sentenced to 30 months), Octavian Ocasio for 2,641 tags (sentenced to 53 months), and Daniel Christine-Tani for 137,625 tags (sentenced to 93 months). The fake companies this defendant created are responsible for generating more than 550,000 tags.

Lastly, this defendant, who has no legal status in this country, was a fugitive in this case for more than three years. It took extraordinary efforts of multiple law enforcement agents to finally apprehend him.

## IV.

Defendant's letters from his family, while heartfelt, are not a reason to depart downward under 18 U.S.C. 3553. All defendants have families and that is not an "extraordinary circumstance," nor is being a "model prisoner" since being arrested. The United States respectfully requests that the Court impose a sentence of 60 months which is

sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. 3553.

                                      Respectfully submitted,

                                      NICHOLAS J. GANJEI
                                      UNITED STATES ATTORNEY
                                      SOUTHERN DISTRICT OF TEXAS

                                      By: *Belinda Beek*
                                      Belinda Beek
                                      Adam Goldman