IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CRIMINAL NO. 4:21cr272-3 |
| | § | |
| EMMANUEL PADILLA-REYES | § | |

## DEFENDANT'S 1st AMENDED MEMORANDUM IN AID OF SENTENCING AND MOTION FOR DOWNWARD DEPARTURE

**EMMANUEL PADILLA-REYES**, Defendant, by and through undersigned counsel, respectfully files this Memorandum in Aid of Sentencing and moves this Honorable Court to impose a sentence pursuant to 18 U.S.C. § 3553(a), *Rita v. United States*, 127 S.Ct. 2456 (2007), and *United States v. Booker*, 543 U.S. 220 (2005). More specifically stated, pursuant to Title 18, United States Code, Section 371 maximum punishment of up to 5 years may be assessed and a fine of not more than $250,000. Defendant respectfully requests a sentence in accordance and a maximum term of three years of imprisonment and a maximum three year term of supervised release that requires him to refocus his efforts to a successful re-entry into society. Such a sentence is sufficient, but not greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

### I. INTRODUCTION

On September 1, 2024, MR. PADILLA-REYES was arrested for conspiracy to commit wire fraud. MR. PADILLA-REYES pled guilty to count One of the second superseding criminal information. Count One charges the Defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371.

On May 13th, 2025, MR. PADILLA-REYES appeared before United States Magistrate Judge Richard W. Bennett, and entered a plea of guilty to count One of the second superseding information. The United States

Probation Department ("USPD") calculated Mr. PADILLA-REYES at a base offense level of 6, for his violation of Title 18, United States Code, Section 371.

Mr. Padilla-Reyes's Criminal History Category is I. Accordingly, under the United States Sentencing Guidelines, the Defendant has a sentencing range of 70 to 87 months. However, due to the statutory maximum of 60 months of imprisonment, such a sentence would be greater than necessary and thus frustrate the directives of Title 18 U.S.C. § 3553(a) thereby disregarding the relevant underlying facts and circumstances of this case. Based on the forthcoming authorities, the Defendant prays the Court for a sentence of 36 months, sufficient, but not greater than necessary, to achieve the purposes of sentencing.

## II. AUTHORITIES

### In Determining the Appropriate Sentence, the Court Must Consider the Factors Set Forth in 18 U.S.C. § 3553(a), Which Compels the Conclusion that a Mechanically Calculated Guideline Range is Overly Punitive and Supports a Sentence Below the Guideline Range.

Federal courts should engage in a three-step approach to federal sentencing. First, a court must apply the sentencing guidelines to correctly calculate the guideline range. See generally *Gall v. United States*, 552 U.S. 38, 51 (2007) (stating that the District Court should begin all sentencing proceedings by correctly calculating the applicable guideline range, and that "to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). Secondly, the court should determine whether a departure is consistent with the guidelines. See, e.g., *United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006) (holding that guideline departures are still a relevant consideration for determining the appropriate guideline sentence). Third, the court should determine whether a variance and/or downward departure (a sentence outside the advisory guideline system) is warranted under the authority of Title 18 U.S.C. § 3553(a). A sentencing court should consider arguments of the parties as to the appropriate sentence to be imposed. See, e.g., *United States v. Booker,* 543 U.S.

220 (2005), as clarified by *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007). The court must look to Title 18 U.S.C. § 3553(a) and the factors enumerated in that section. After considering the advisory range, the positions of the parties, and the § 3553(a) factors, a sentencing court is to impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing. If a court imposes a sentence outside of the advisory guideline range, the court is expected to explain the departure or variance to such an extent that MR. PADILLA-REYES and any reviewing court may understand the basis for the chosen sentence. *Gall v. United States*, 552 U.S., at 46.

## United States Supreme Court's Mandate

The Supreme Court has instructed that sentencing courts "may not presume that the Guideline range is reasonable." Gall, 552 U.S. at 50 (citing *Rita v. United States*, 551 U.S. 338, 341 (2007)). Rather, a sentencing court must make an "individualized assessment based on the facts presented." Id. at 50. Above all, a court's final determination of a sentence must reflect. "Title 18 U.S.C. § 3553(a)'s overarching instruction to 'impose a sentence sufficient, but not greater than necessary' to accomplish the sentencing goals advanced in Title 18 U.S.C. § 3553(a)(2)," namely, retribution, deterrence, incapacitation, and rehabilitation. See *Kimbrough*, 552 U.S. at 110.

*Rita* made clear, and *Kimbrough* affirmed, that in making these individual assessments, sentencing courts are at liberty to disagree with the guidelines' recommended sentence in any particular case and may impose a different sentence based on a contrary view of what is appropriate under Title 18 U.S.C. § 3553(a). This includes the freedom to disagree with "policy decisions" of Congress or the Sentencing Commission that are contained in the guidelines. As the Supreme Court noted, "[a]s far as the law is concerned, the judge could disregard the Guidelines ...." Rita, 551 U.S. at 353. This broad discretion exists because district courts have a co-equal role with the Sentencing Commission. The courts are not inferior partners in sentencing. As the Supreme Court opined in *Rita*, "[t]he upshot is that sentencing statutes envision both the sentencing judge and the Commission

as carrying out the same basic 3553(a) objectives, the one, at retail, the other at wholesale." Id. at 347.

### Congressional Mandate of Title 18 U.S.C. 3553(a)

The mandate of Title 18 U.S.C. § 3553(a) is, of course, for the court to "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in paragraph two of that same statute. In *United States v. Hunt*, 459 F.3d 1180, 1182 (11th Cir. 2006), as well as in *Gall*, the Supreme Court summarized the factors that a sentencing court must consider:

 (1) the nature and circumstances of the offense and the history and characteristics of the
 defendant;
 (2) the need for the sentence imposed –
     (A) to reflect the seriousness of the offense, to promote respect for the law, and to
provide just punishment for the offense;
     (B) to afford adequate deterrence to criminal conduct;
     (C) to protect the public from further crimes of the defendant; and
     (D) to provide the defendant with needed educational or vocational training,
medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established ...;
(5) any pertinent [Sentencing Commission] policy statement ...;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records
who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

### Determining the Appropriate Sentence Pursuant to the Supreme Court Holdings in *Gall v. United States*, 552 U.S. 38 (2007) and *Pepper v. United States*, 562 U.S. 476 (2011)

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996); *Pepper v. United States*, 562 U.S. 476, 487 (2011). "Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Pepper*, 562 U.S. at 477 (citing *Williams v. New York*, 337 U.S. 241, 247 (1949)). See also Pa. ex rel. *Sullivan v. Ashe*, 302 U.S. 51, 55 (1937) ("For the determination of sentence, justice generally requires consideration of more than the particular acts by which the

crime was committed and that there be taken into account the circumstances of the offense together with the character and the propensities of the offender.").

The post-*Booker* opinion makes clear that, although a sentencing court must "give respectful consideration to the Guidelines, *Booker* permits the court to tailor the sentence in light of other statutory concerns as well." Kimbrough, 552 U.S. at 101; see also Pepper, 562 U.S. at 490. Thus, the Guidelines are not the only consideration.

Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, the Court may not presume the Guidelines are reasonable. *Rita*, 551 U.S. at 351.

### III. ARGUMENT

### The Court Must Consider the History and Characteristics of the Defendant as Set Forth in 18 U.S.C. § 3553(a)

In *United States v. Booker*, the Supreme Court held the sentencing guidelines are advisory. 543 U.S. 220, 245-46 (2005). Thus, the sentencing court must consider the guideline range, while tailoring the sentence in consideration of other statutory concerns as set out in § 3553(a). A sentence should not only fit the offense, but the offender as well. See *Miller v. Alabama*, 567 U.S. 460, 469 (2012); *Pepper v. United States*, 562 U.S. 476, 487-88 (2011). Therefore, it is imperative that sentencing courts carefully consider the factors in § 3553(a) when determining a sentence sufficient but not greater than necessary to achieve the goals set forth. Since Congress, the Supreme Court, and the United States Sentencing Commission found that following the sentencing guidelines without discretion is not the best avenue to sentence a defendant, we cannot put all our stock in the guidelines. To do so would be primitive and unyielding. We must seriously look at the factors listed in Title 18 §3553 and with a compassionate view, determine the appropriate sentence. Every Defendant has a story; I

challenge the Court to temper the charged offense with Mr. Padilla-Reyes's story.

## History and Characteristics of Emmanel Padilla-Reyes

Emmanuel's parents, Jorge and Carmen, brought him and his five siblings to the United States, from Monterrey, Mexico, seeking a better life, when Emmanuel was only six years old. Emmanuel had a visa to come into the United States but never sought legal status to remain in the country.

Emmanuel was home-schooled until the sixth grade but is fluent in both English and Spanish. He has no juvenile criminal history - and no convictions as an adult. His vocational background is in roofing, buying and selling scrap metal and used cars.

In 2005, Emmanuel met Ruth. He and Ruth became common-law married in 2006 which is the traditional form of marriage in the Gypsy community. From that union came three children: Jorge (born in 2007); Nicole (born in 2011) and Emily (born in 2013). In 2011, Emmanuel lost his father, Jorge and his mother Carmen began living with him and his family.

Emmanuel's involvement in the conspiracy that forms the basis of this case resulted when he was returning a favor. A co-defendant, Daniel Rocky Christine-Tani (Rocky) had helped Emmanuel obtain a driver's license. Having a driver's license enabled Emmanuel to engage in the acquisition of scrap metal, in far away places, without having to engage a business partner to drive him - which he had always done prior to having a driver's license. This enabled him to obtain scrap-metal in places like Amarillo and Midland.

Rocky requested Emmanuel's assistance in selling temporary license plates. Emmanuel felt obligated to assist Rocky because of the help Rocky had provided in obtaining Emmanuel's driver's license - which enabled Emmanuel to legitimately make more money for his family. Emmanuel knowingly entered the

conspiracy. He has accepted responsibility, admitted guilt and expressed remorse to his family and to the Court - eliminating the need for the government to conduct a trial in this case (Pre-Sentence Investigation Report page 16).

In Mr. Padilla-Reyes's case, there exist circumstances that warrant an additional departure consideration. Mr. Padilla-Reyes has been in custody for almost a year and has been a model inmate during that time. He is engaged in teaching other inmates English. He volunteers at the chapel. He has been teaching inmates math and is preparing to acquire his general equivalency degree (GED). We ask the Court to also consider Emmanuel's age. As it stands, he is nearly 36 years old, and with age comes a reduction in recidivism. Thus, Mr. Padilla-Reyes is more likely to keep his promise of being a reformed man. He is, in short, trying to change the ending to his story, which is possible by Emmanuel's unbridled determination coupled with the support of family and friends.

## Additional Grounds for Downward Departure

The Sentencing Guidelines "place essentially no limit on the number of potential factors that may warrant a departure." **Koon v. United States**, 518 U.S. 81, 106 (1996); **United States v. Coleman**, 188 F.3d 354, 358 (6th Cir. 1999) (en banc). There are a "potentially infinite number of factors which may warrant a departure." 18 U.S.C. § 3661 The court has also reasoned "no limitations shall be placed on the information" a court can receive and consider for purposes of imposing an appropriate sentence." A departure is warranted if the case is "unusual enough for it to fall outside the heartland of cases in the guidelines." **Koon**, 518 U.S. at 92. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishments to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States district judge." **Koon**, 518 U.S. at 112223.

The Guidelines "do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process. In areas where the Sentencing Commission has not spoken ... district courts should not hesitate to use their discretion in devising sentences that provide individualized justice." **United States v. Williams**, 65 F.3d 301, 309-310 (2d Cir. 1995); see also, 18 U.S.C. § 3553(a)(the court "shall impose a sentence sufficient, *but not greater than necessary*, to comply with [the purpose of sentencing]." (Emphasis supplied). "It is important to realize that departures are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some respects, the rigidity of the Guidelines themselves. District judges, therefore, need not shrink from utilizing departures when the opportunity presents itself and when circumstances require such action to bring about a fair and reasonable sentence." **United States v. Gaskill**, 991 F.2d 82, 86 (3d Cir. 1993). "The Guidelines are not a straitjacket for district judges." **United States v. Cook**, 938 F.2d 149, 153 (9th Cir. 1991). The Guidelines "do not require a judge to leave compassion and common sense at the door to the courtroom." **United States v. Dominguez**, 296 F.3d 192, 200 n. 7 (3d Cir. 2002) (quoting **United States v. Johnson**, 964 F.2d 124, 125 (2d Cir. 1992)). "To impose the harsh sentence suggested by Probation and the government under the Guidelines without appropriate downward departures would amount to an act of needless cruelty given the nature of the crimes committed and the personal circumstances of these defendants." **United States v. Blarek II**, 7 F.Supp.2d 191, 202 (E.D.N.Y. 1998).

In determining sentencing, the "guidelines do not require a judge to leave compassion and common sense at the door to the courtroom." **United States v. Johnson,** 964 F.2d 124, 125 (2d Cir. 1992). Indeed, "[i]t has been uniformed and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate ... the crime and the punishment to ensue.," **United States v. Threadgill,** 172 F.3d 37, 378 (5th Cir. 1999).

Sentencing with compassion is a hallmark of a civilized society. Mr. Padilla-Reyes humbly requests this Honorable Court's independent discretion under the facts and circumstances of this case to

grant a downward departure for the foregoing reasons. The Defendant requests this Honorable Court to impose a sentence of 36 months of imprisonment.

## IV. CONCLUSION

**WHEREFORE PREMISES CONSIDERED**, and for all the foregoing reasons, MR. PADILLA-REYES respectfully requests that this Court exercise its discretion to depart downward from the sentencing guidelines and assess a sentence at a term of imprisonment that is sufficient but not greater than necessary. A sentence that this Honorable Court, in its independent discretion, deems just, which would adequately vindicate the United States in accord with the judgment of the Court, and that the best interests of MR. PADILLA-REYES, his family, friends, and society be served.

Respectfully submitted,

*/s/George L. Powell*
George L. Powell
Attorney for Defendant
State Bar No. 24034632
1602 Washington Avenue
Houston, Texas 77007
Ph: (281) 785-8850
Fax: (713) 714-8670

**Attorney for EMMANUEL PADILLA-REYES**

## CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the above and foregoing has been this day delivered to the Assistant U.S. Attorney, Belinda A. Beek, by email at Belinda.Beek@usdoj.gov

*/s/ George L. Powell*
George L. Powell
Attorney for Defendant